# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| JASON J. KING,<br><br>      Plaintiff,<br>vs.<br><br>AMERICAN MORTGAGE NETWORK, INC., CHASE HOME FINANCE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ETITLE INSURANCE AGENCY, and DOES 1-5,<br><br>      Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 1:09CV162 DAK |

This matter is before the court on Defendants Chase Home Finance ("Chase") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss. A hearing was held on May 5, 2010. At the hearing, Defendants were represented by James D. Gilson and J. Tayler Fox. Plaintiff Jason J. King was represented by Lillian M. Meredith. The court has carefully considered the memoranda and other materials submitted by the parties. Since taking the matter under advisement, the court has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

In November 2007, Plaintiff Jason King received a loan (the "Loan") from American Mortgage Network, Inc. ("AmNet") in connection with his purchase of real property in Ogden,

Utah. The Loan is evidenced by a promissory note (the "Note") signed by Mr. King in the amount of $100,000. The Loan is secured by the property as described in the Deed of Trust dated November 8, 2007 (the "Trust Deed"). Mortgage Electronic Registration Systems, Inc. ("MERS") was designated as the beneficiary of the Deed of Trust as nominee for AmNet and its assigns, as the legal title owner of the property. Plaintiff understood and agreed in the Trust Deed that MERS has the authority to foreclose on the property:

> Borrower understands and agrees that . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of [Lender's] interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.

By virtue of being named a nominal beneficiary, MERS is enabled to transfer rights under the trust deed to whoever owns the note at the time of enforcement. Under the terms of the Loan, Plaintiff agreed that AmNet was authorized to sell or transfer the Note and Deed of Trust to a third party. On January 30, 2008, AmNet transferred the beneficial rights under the Note, through MERS, to the Federal National Mortgage Association ("Fannie Mae"). Shortly thereafter in February 2008, AmNet transferred to Chase the servicing rights under the Loan for collection of payments and enforcement of the Note, and notice in this regard was provided to Plaintiff.

Sometime prior to January 2009, Plaintiff defaulted under the terms of the Loan. As a result of the default, Chase executed a Substitution of Trustee, naming defendant eTitle Insurance Agency ("eTitle") as successor trustee under the Trust Deed. On February 24, 2009, eTitle recorded a Notice of Default and Election to Sell against the Property in Weber County.

On March 25, 2009, Plaintiff mailed a handwritten letter to Chase explaining that he

could no longer afford the Property due to financial difficulties. On July 21, 2009, an attorney for Plaintiff wrote a letter on behalf of Plaintiff to Chase, accusing Chase of violating federal law, demanding that "any and all documents related to the . . . loan" be produced to counsel, and threatening legal action if the documents were not produced. On December 4, 2009, Plaintiff filed a Complaint commending this action.[1] Plaintiff claims, among other things, that (1) Chase, as the loan servicer, never responded to his Qualified Written Request ("QWR") and that he is therefore entitled to damages and attorney's fees; and (2) Chase, as the servicer, did not have authority to initiate the foreclosure process and therefore breached the contract and/or the implied covenant of good faith and fair dealing by allowing the "alleged trustee," eTitle Insurance Agency, to continue the foreclosure process without authority, and (3) the "alleged trustee" has failed to act in good faith and with reasonableness by failing to make any inquiry into whether the Servicer is actually a beneficiary of the Trust Deed and holder of the Note.

## DISCUSSION

Plaintiff first claims that Defendant Chase violated the Real Estate Settlement and Procedures Act ("RESPA") by failing to respond to a qualified written request ("QWR"). Under 12 U.S.C. § 2605(e):

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
> (I) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent

---

[1] Mr. King filed a virtually identical suit against the same entities but pertaining to a neighboring piece of property in Ogden. That case pending was before Judge Stewart and was recently dismissed. *See King v. American Mort. Network*, 2010 WL 3222419 (D. Utah, Aug. 16, 2010) (unpublished).

applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). A QWR relates only to the "servicing" of the loan, which is defined as requests relating to the "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." *Id*. § 2605(i)(3). If the lender fails to comply with a QWR, the borrower is entitled to "any actual damages to the borrower as a result of the failure; and . . . any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000." *Id.* § 2605(f)(1).

The court finds that Plaintiff's letter of July 21, 2009 was not a "qualified written requests" under RESPA. The letter did not allege any error or request for information about servicing the Loan. Rather, it was an accusation of unlawful conduct, a demand to produce loan documents for inspection, and a threat of legal action, which contained no reference to servicing of the Loan. Therefore, Chase had no duty to respond to the July 21 letter under RESPA.[2]

Moreover, even if the letter could be construed as a QWR, Plaintiff's RESPA claim still fails because he has not demonstrated a causal link between any damages and the alleged RESPA violation. Although Plaintiff attempts to allege he suffered harm by stating that, "Defendants' delay has caused injuries to Plaintiff via this litigation, emotional distress, any improper fees that

---

[2] Also, even if Chase failed to acknowledge receipt of the letter within 20 days, that failure is not a substantive issue. While Chase may not have acknowledged receipt within twenty days, it promptly provided a substantive response to the request, addressing the issues Plaintiff raised, together with copies of the Note, Good Faith Estimate, Loan Application, disclosures, and loan history.

4

may, or may not, have been assessed by Chase, and the anticipated foreclosure of the property at issue—whereby Plaintiff would be liable for a deficiency judgment." Chase's letter in response on August 28 cannot be considered a material "delay." Second, Plaintiff faces foreclosure and the consequences thereof including a deficiency judgment because of his failure to pay his mortgage. Plaintiff also chose to bring this lawsuit instead of curing his default under the terms of the loan. Plaintiff cannot now claim that Chase is liable for harm caused by his failure to make his mortgage payments. Third, the foreclosure of a security interest cannot give rise to a claim for emotional distress. *See, Grealish v. American Brokers Conduit*, 2009 WL 2992570, *3 (D. Utah) (Judge Sam) (stating that plaintiff's emotional distress claim failed because, "As a matter of law, the foreclosure of a deed of trust is not outrageous or extreme, but is a normal event when a mortgage debt is not paid").

Plaintiff also argues that Chase and MERS do not have authority to begin foreclosure of the Trust Deed on the Property because the Note and Trust Deed have been "split." The court finds no merit to Plaintiff's argument. The Note was executed by Plaintiff on November 8, 2007 in favor of the original lender, AmNet. On the same day, a Trust Deed was executed naming MERS as the nominal beneficiary acting on behalf of AmNet or its successors and assigns. AmNet sold the Note to Federal National Mortgage Association ("Fannie Mae") in approximately February of 2008. Concurrently therewith or shortly thereafter, the servicing rights under the Note and Trust Deed were transferred to Chase.

Thus, Fannie Mae owns the Note, and Chase is the authorized loan servicer on behalf of Fannie Mae. MERS is the nominal beneficiary under the Trust Deed as agent for Fannie Mae and its "successors and assigns," which includes Chase. *See In re Huggins*, 357 B.R. 180, 184

(Bankr. D. Mass. 2006) (stating that there is "no disconnection between the note and mortgage" when MERS is acting as nominee for a lender); *see also Burnett v. Mortgage Electronic Registration Sys. Inc.,* 2009 WL 3582294, *4 (D. Utah, October 27, 2009). Chase and MERs are clearly authorized to act on behalf of the holder of the Note, Fannie Mae, to begin foreclosure of the Property. Plaintiff's claims that (1) the Note and Trust Deed have been split, and (2) that Chase did not have authority to foreclose the Trust Deed on the Property are simply not plausible claims for relief and must be dismissed. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Chase and MERS's Motion to Dismiss is GRANTED. All claims against Defendants Chase Home Finance ("Chase") and Mortgage Electronic Registration Systems, Inc.'s are DISMISSED with prejudice. There is no indication in the docket that the only remaining Defendant, eTitle Insurance Agency, has ever been served, and thus, the claims against eTitle are DISMISSED without prejudice. The Clerk of the Court is directed to close this case.

DATED this 1st day of September, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge